# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID ANTHONY TAYLOR, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-14-462-M |
| CHAD LANDON GLENN, and KIMRAD TRANSPORT, | ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff's Motion to Quash Defendant's Notice of Document Subpoena to Farmers Insurance Company, filed November 18, 2014. On December 8, 2014, defendants filed their response, and on December 17, 2014, plaintiff filed his reply. Also before the Court are plaintiff's Motion to Quash Defendant's Notice of Document Subpoena to Travelers Indemnity Company and plaintiff's Motion to Quash Defendant's Notice of Document Subpoena to State Farm Mutual Automobile Insurance Company, both filed December 9, 2014. On December 31, 2014, defendants filed their response. Based upon the parties' submissions, the Court makes its determination.

This case arises out of an accident that occurred on May 21, 2011, on eastbound Highway 152 near the Texas/Oklahoma border in western Oklahoma. A semi tractor-trailer driven by defendant Chad Glenn, while in the course and scope of his employment with defendant Kimrad Transport, struck a Chevrolet S10 pickup driven by plaintiff. On November 10, 2014, defendants sent a Notice of Document Subpoena to plaintiff, notifying plaintiff of defendants' intention of serving a subpoena duces tecum on Farmers Insurance Company. The subpoena requests any and all claim file documents including medical records, accident reports, photographs, et cetera,

involving plaintiff. On December 4, 2014, defendants sent two Notices of Document Subpoena to plaintiff, notifying plaintiff of defendants' intention of serving a subpoena duces tecum on Travelers Indemnity Company and serving a subpoena duces tecum on State Farm Mutual Automobile Insurance Company. These subpoenas request any and all claim file documents, including medical records, accident reports, photographs, et cetera, for the last 10 years involving plaintiff.

Plaintiff now moves the Court to quash these document subpoenas. Plaintiff asserts that the subpoenas are merely a fishing expedition, not properly limited in time, and not likely to lead to admissible evidence. Defendants state they believe that plaintiff has been involved in at least three potentially serious automobile accidents following the accident at issue and they issued subpoenas to the insurance companies involved in these accidents seeking medical records and other investigation documents from the prior accidents because they reasonably anticipate the claim files will contain admissible evidence regarding plaintiff's medical conditions.

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Further, the party "seeking to quash a subpoena carries the burden to show undue burden." *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996).

Having carefully reviewed the parties' submissions, the Court finds the document subpoenas should not be quashed. Specifically, the Court finds plaintiff has not carried his burden of showing

undue burden.  Additionally, the Court finds that the document subpoenas are not merely a fishing expedition but seek documents which are relevant to the issue of plaintiff's personal injuries and are reasonably calculated to lead to the discovery of admissible evidence.  Further, the Court finds that the ten year limitation contained in the subpoenas to Travelers Indemnity Company and State Farm Mutual Automobile Insurance Company is reasonable and that this same time limitation should be applied to the subpoena to Farmers Insurance Company.

Accordingly, the Court:

(1) GRANTS IN PART and DENIES IN PART plaintiff's Motion to Quash Defendant's Notice of Document Subpoena to Farmers Insurance Company [docket no. 16] and ORDERS that this document subpoena be limited in scope to documents for the last ten (10) years, and

(2) DENIES plaintiff's Motion to Quash Defendant's Notice of Document Subpoena to Travelers Indemnity Company [docket no. 19] and plaintiff's Motion to Quash Defendant's Notice of Document Subpoena to State Farm Mutual Automobile Insurance Company [docket no. 21].

**IT IS SO ORDERED this 4th day of February, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

3