**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

DAVID ANTHONY TAYLOR,      )
          )
         Plaintiff,      )
          )
vs.          )      Case No. CIV-14-462-M
          )
CHAD LANDON GLENN and    )
KIMRAD TRANSPORT,      )
          )
         Defendants.     )

## ORDER

Before the Court is defendants' Motion to Exclude Plaintiff's Human Factors Expert, Dennis Wylie, filed January 4, 2016. On January 22, 2016, plaintiff filed his response, and on January 29, 2016, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

This case arises out of an automobile collision between a vehicle driven by plaintiff and a tractor trailer driven by defendant Chad Landon Glenn ("Glenn"), an employee of defendant Kimrad Transport. Plaintiff has retained Dennis Wylie ("Wylie") as his human factors expert. It is Wylie's opinion that it is likely that due to fatigue Glenn suffered diminished attention, perception, decision making, and vehicle control abilities at the time of the accident and that this diminishment was a contributing factor in the accident. Wylie further opines that Glenn's fatigue resulted from his failure to get sleep of adequate quantity and quality, sleep that a reasonable and prudent driver would realize was necessary for safe driving. Defendants now move this Court to exclude any and all reports, testimony, and opinions of Wylie.

## II. Discussion

Federal Rule of Evidence 702 governs the admissibility of expert testimony based upon scientific, technical, or other specialized knowledge. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Defendants assert that Wylie's opinions should be excluded because the information on which Wylie relies is within the common knowledge of the trier of fact and, thus, is not a proper subject for expert testimony. Defendants further assert that Wylie's opinions are cumulative and would not assist the jury in deciding any fact at issue in this case. Plaintiff contends that Wylie's opinions are based on scientific, technical, and specialized knowledge and Wylie, therefore, should be allowed to testify. Additionally, plaintiff contends that because this case involves the unique occupation of a commercial truck driver, Wylie's opinions will assist the trier of fact.

Having carefully reviewed the parties' submissions, the Court would initially note that Wylie is qualified to render opinions as a human factors expert and that Wylie has vast knowledge and experience regarding the effects of fatigue on commercial truck drivers. Further, while jurors can draw on their own normal life experiences regarding fatigue, the Court finds certain relevant factors that should be considered when determining fatigue, i.e., circadian rhythm and cumulative sleep

debt, may not be fully understood by a lay person juror and Wylie's testimony would assist the jury.

Additionally, the Court finds Wylie's log-book reconstruction would assist the jurors by providing them with evidence regarding the amount of sleep Glenn had gotten over the days prior to the accident. Accordingly, the Court finds that Wylie should not be excluded from testifying regarding fatigue and the factors that should be considered when determining fatigue and regarding his log-book reconstruction.

However, the Court finds that Wylie's opinions regarding the role Glenn's purported fatigue played in the accident at issue should be excluded. Specifically, the Court finds Wylie's opinions are not based on sufficient facts or data. Wylie's opinions are solely based upon the hours Glenn worked over the days prior to the accident. Wylie did not review the expert reports from the accident reconstruction experts to determine whether Glenn responded to the accident appropriately under the differing scenarios proposed, and, in fact, Wylie seems to have no real understanding of the details regarding how the accident happened. Further, Wylie cannot point to any actions taken by Glenn prior to the accident that are indicative of a fatigued driver. Finally, the Court finds that the jurors are capable of using their own experiences and common sense to evaluate the effects of fatigue on a person's ability to drive and can consider for themselves whether any fatigue Glenn may have suffered contributed to the accident.

III.     Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendants' Motion to Exclude Plaintiff's Human Factors Expert, Dennis Wylie [docket no. 66] as follows:

(1)     The Court GRANTS the motion to exclude as to Wylie's opinions regarding the role Glenn's purported fatigue played in the accident at issue, and

(2)     The Court DENIES the motion to exclude as to Wylie's opinions regarding fatigue and the factors that should be considered when determining fatigue and regarding his log-book reconstruction.

**IT IS SO ORDERED this 4th day of February, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE